# EXHIBIT A



# Notice of Service of Process

null / ALL  
Transmittal Number: 31396492  
Date Processed: 05/12/2025

| | |
|---|---|
| **Primary Contact:** | Tanya Flores<br>Midland Credit Management, Inc.<br>350 Camino de La Reina<br>Ste 100<br>San Diego, CA 92108-3007 |
| **Electronic copy provided to:** | Krista Yerby |
| **Entity:** | Midland Credit Management, Inc<br>Entity ID Number 1682419 |
| **Entity Served:** | Midland Credit Management, Inc. |
| **Title of Action:** | Justin D Wika vs. Midland Credit Management, Inc. |
| **Matter Name/ID:** | Justin D Wika vs. Midland Credit Management, Inc. (17304589) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Violation of State/Federal Act |
| **Court/Agency:** | Cass County District Court, ND |
| **Case/Reference No:** | 00243-Wika |
| **Jurisdiction Served:** | North Dakota |
| **Date Served on CSC:** | 05/09/2025 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Minndak Law, PLLC<br>701-840-6993 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

| | |
|---|---|
| **STATE OF NORTH DAKOTA** | **DISTRICT COURT** |
| **County of Cass** | East Central Judicial District |

Justin D Wika, )
)
      Plaintiff, )
)
v. )
)
Midland Credit Management, Inc., )    **SUMMONS**
)
)
      Defendant. )
)
)
)

      1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

      2. **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons **a written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

      625 Main Ave, Suite 152
      Moorhead, MN 56560

      3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

Dated: May 2, 2025                         **MINNDAK LAW, PLLC**

/s/ Catrina Smith
Catrina Smith (#09895)
625 Main Ave, Suite 152
Moorhead, MN 56560
701.840.6993
Csmith@minndaklaw.com
ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| **STATE OF NORTH DAKOTA**<br>**County of Cass** | **DISTRICT COURT**<br>East Central Judicial District |

| | | |
|---|---|---|
| Justin D Wika, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Midland Credit Management, Inc., | ) | **COMPLAINT** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, by and through his attorney, for his complaint against Defendant upon personal knowledge as to his own facts and conduct and on information and belief as to all other matters, states and alleges as follows:

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. This action arises out of violations of the Fair Debt Collection Practices Act ("FDCPA"),

3

15 U.S.C. § 1692 *et seq.*, by Defendant and its collection agents in their illegal efforts to collect a consumer debt from Plaintiff.

## JURISDICTION

3. Jurisdiction of this Court arises under U.S.C. § 1692k(d) for pendent state law claims, and common law.

4. Venue is proper in this District because the acts and transactions occurred here, and Defendant transacts business here.

5. Defendant has transacted business within the State of North Dakota by attempting to collect a debt from Plaintiff via the mails and telephone system located in North Dakota, as well as registering itself as a licensed debt collector and as a foreign corporation here with the North Dakota Secretary of State.

## PARTIES

6. Plaintiff Justin Wika (hereinafter "Plaintiff") is a natural person who resides in the City of Galesburg, County of Traill, State of North Dakota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) or a person affected by a violation of that law.

7. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

8. Defendant Midland Credit Management, Inc., (hereinafter "Defendant") is a collection agency and foreign corporation operating from a principal office address of 350 Camino de la Reina, Suite 300, San Diego, California, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

4

9. Defendant's registered and agent of process in North Dakota is Corporation Service Company, 418 N 2nd Street, Bismarck, ND 58501.

## FACTUAL ALLEGATIONS

10. Within one year immediately preceding the filing of this complaint, Defendant attempted to collect from Plaintiff a defaulted financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), from Plaintiff in the State of North Dakota.

11. Sometime on or before December 2024, Plaintiff, Justin Wika, allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely, a consumer debt for an unpaid credit account, which was for Plaintiff's personal, family and household purposes ("debt").

12. Plaintiff disputes this alleged debt, the final bill on this account, and any remaining balance, and is represented by the undersigned counsel both with respect to this debt and to the claims made herein.

## FACTUAL ALLEGATIONS

13. Defendant contacted Plaintiff's spouse to collect an alleged debt owed by Plaintiff that Plaintiff does not owe and for which Plaintiff's spouse is not legally or otherwise responsible.

14. Despite Plaintiff's spouse identifying herself as the spouse and not the account holder, Defendant continued to question Plaintiff's spouse in connection with the alleged debt on her cell phone.

5

00243-Wika

15. Defendant further disclosed information about other debts under Defendant's business Plaintiff allegedly owed and shared private account information.

16. Defendant's conduct caused Plaintiff significant emotional distress, frustration, and inconvenience, as well as a violation of his rights under the Fair Debt Collection Practices Act (FDCPA).

## CLAIMS FOR RELIEF

## COUNT I: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) – 15 U.S.C. § 1692 et seq.

17. **Violation of § 1692c(a)(1)**: Defendant violated § 1692c(a)(1) by contacting Plaintiff at a time or place that was known, or should have been known, to be inconvenient for Plaintiff after he had instructed Defendant to cease all communications.

18. **Violation of § 1692d**: Defendant violated § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

19. **Violation of § 1692e**: Defendant violated § 1692e by making false, deceptive, or misleading representations in connection with the collection of a debt, including falsely claiming that Plaintiff's husband had given permission for Defendant to speak with her about the alleged debt.

20. **Violation of § 1692e(10)**: Defendant violated § 1692e(10) by using false representations and deceptive means to attempt to collect a debt that Plaintiff does not owe.

21. **Violation of § 1692f**: Defendant violated § 1692f by using unfair and unconscionable

means to attempt to collect a debt that Plaintiff does not owe.

22. **Violation of § 1692f(1)**: Defendant violated § 1692f(1) by attempting to collect an amount that was not expressly authorized by the agreement creating the debt or permitted by law.

23. These collection communications from Defendant that attempted to collect this debt from Plaintiff were harassing, oppressive, abusive, false and deceptive communications to collect this debt in violation of numerous and multiple provisions of the FDCPA.

## CONCRETE HARM AND DAMAGES

### *Plaintiff Has Suffered Concrete Harms and Has Article III Standing*

24. Plaintiff has Article III standing by way of suffering from the following concrete harms that came as a direct and proximate result of the Defendant's conduct, errors, omissions, and violations of federal consumer protection laws as more detailed herein, specifically:

### HARMS: EMOTIONAL

- Emotional distress
- Harassment
- Annoyance
- Upset
- Frustration
- Repeated phone calls
- Marital instability
- Familial distress

7

- Time wasted learning rights

### HARMS: ECONOMIC

- Coerced to disclose info
- Lost work time

### HARMS: LEGAL

- Attorney's fees
- Filing fees

### HARMS: COMMON LAW

- Invasion of Privacy by Intrusion Upon Seclusion
- Nuisance

### HARMS: REPUTATIONAL

- Interference with employment

### HARMS: FUTURE RISKS

- Time and money wasted by Plaintiff to prevent further possible harm is a concrete injury

### SUMMARY

25. The above-described collection conduct by Defendant in its efforts to collect this alleged debt from Plaintiff were oppressive, deceptive, misleading, unfair and illegal communications to collect this alleged debt, all done in violation of numerous and multiple provisions of the FDCPA.

26. These collection actions taken by Defendant, and the collection employees employed by Defendant, were made in violation of multiple provisions of the FDCPA, including but

8

not limited to all the provisions of the FDCPA cited herein.

27. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

28. Defendant collection efforts with respect to this alleged debt from Plaintiff, which caused Plaintiff to suffer concrete and particularized harm because the FDCPA provides Plaintiff with the legally protected consumer rights to be treated fairly and truthfully with respect to any action for the collection of any consumer debt.

29. Defendant's deceptive, misleading and unfair representations with respect to its collection effort were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

30. Plaintiff has suffered actual damages because of these illegal collection actions by Defendant in the form of confusion, frustration, lost time and stress, amongst other negative emotions.

## RESPONDEAT SUPERIOR LIABILITY

31. The acts and omissions herein of the individuals employed to collect debts by Defendant, and the other debt collectors employed as agents of Defendant who communicated with Plaintiff as further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

32. The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were

authorized to perform by Defendant in collecting consumer debts.

33. By committing these acts and omissions against Plaintiff, these individuals and these other debt collectors were motivated to benefit their principal, Defendant.

34. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA in its attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

35. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. § 1692** *et seq.*

36. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

38. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual

00243-Wika

damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

- for an award actual damages and statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

- for all other recoveries and fees otherwise permitted by these claims and by law;

- for attorney's fees and costs of suit as provided by state and federal law;

- for both pre- and post-judgment interest at the maximum allowable rate on any amounts awarded;

- and for such other and further relief as may be just and proper.

Dated: May 2, 2025   **MINNDAK LAW, PLLC**

/s/Catrina Smith
Catrina Smith (#0403229)
625 Main Ave, Suite 152
Moorhead, MN 56560
701.840.6993
Csmith@minndaklaw.com
ATTORNEY FOR PLAINTIFF

00243-Wika

